Charles Beardslee and Martha Beardslee, his wife, for the use of Martha Beardslee, Appellants, *v.* Columbia township.

*Evidence—Photographs—Preliminary proof of identity and accuracy.*

Photographs are competent evidence, and when properly taken are judicially recognized as of a high order; but in careless or inexpert or interested hands they are capable of very serious misrepresentation of the original. Before they are permitted to be used in the trial, therefore, there should always be preliminary proof of care and accuracy in the taking of them, and of their relevancy to the issue before the jury.

Error in permitting witnesses to refer to a photograph of a locality, without preliminary proof of its identity, will be cured by the production of such proof before such photograph is formally introduced in evidence.

On the trial of an action against a township to recover damages for personal injuries caused by an alleged defective road, a photograph of the place of the accident is admissible, although not taken until after changes have been made in the road if proof be made of the nature of the changes

in the condition of the road between the time of the accident and the time of photographing.

*Negligence—Township—Defective road—Hypothetical case—Opinion of nonexpert witness.*

In an action against a township to recover damages for injuries caused by an alleged defective road upon which plaintiff was driving, it is error to admit an opinion of a nonexpert witness as evidence of contributory negligence, based on a hypothetical case as to the horses, the harness, the wagon and the load, as defendant viewed the evidence in regard to the accident.

*Practice, common pleas—Exceptions to remarks of court—Act of May 24, 1887.*

Paragraph 3 of the Act of May 24, 1887, P. L. 199, which authorizes exceptions to rulings, orders and remarks of the judge made in the hearing of the jury at any stage of the proceedings, is a provision of very doubtful wisdom, and under it the ordinary rule that the error assigned must appear to have been injurious to the appellant will be most rigidly applied.

The Supreme Court will not reverse a judgment on a verdict for defendant in an accident case because of remarks made by the trial judge in sustaining plaintiff's objection to an offer by the defendant, where his meaning was not entirely clear and the remarks were capable of another meaning than that alleged by plaintiff; and because of appellant's objection being sustained, the jury could hardly have drawn an inference adverse to him from the occurrence.

Argued March 14, 1898.    Appeal, No. 259, Jan. T., 1897, by plaintiffs, from judgment of C. P. Bradford Co., Feb. T., 1895, No. 213, on verdict for defendant.    Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.    Reversed.

Trespass to recover damages for personal injuries.    Before DUNHAM, P. J., of the 44th judicial district, specially presiding.

At the trial it appeared that on September 6, 1894, Martha Beardslee while riding in a wagon with her son was injured by the wagon going over an alleged dangerous and unguarded place in the road.

When E. E. Vanvalkner, a witness called by plaintiff, was on the stand, he was shown on cross-examination, a photograph marked exhibit " E," and permitted, under objection and exception that it was not cross-examination, and that no proof had been given of the identity and accuracy of the photograph, to testify to the locality of the accident, as shown by the photograph. [1]

The witness further testified:

"Q. Wherein does that photograph differ from the road on the day of the accident, if it does? A. It differs considerably. Q. Now, state to the court and jury wherein it differs. A. Well, it differs in the width of it. Q. Well, anything else? A. Well, the road being straightened. There isn't that curve there now that there was at that time. Q. Anything else?"

Mr. Rockwell, of counsel, for plaintiffs: We ask what the purpose of this examination is?

Mr. Maxwell, of counsel, for defendant: It is for the purpose of testing the witness's knowledge as to the situation of the road.

"Q. Do you see anything else on that that differs from the road at the time of the accident? A. Well, this don't show the hill being as steep as it was, is another thing. It is a more gradual grade than it was at that time. Q. That shows the hill exactly as it is with the exception of the changes that were made there after the accident, by the road commissioners?"

Mr. Wilson, of counsel, for plaintiffs: We object to this witness being permitted to use this paper or diagram marked exhibit "A" as a test to describe the road by where this accident happened, until there is some proof by some witness that this picture or exhibit has some show of the road as it existed at or about the time of the accident, and that it is not cross-examination.

Objection overruled, exception and bill sealed. [2]

Mr. Maxwell: "Q. Do those photographs, exhibits 'A' and 'B,' represent the situation as it existed at the time the photographs were taken upon the ground? A. I think they do."

Mr. Rockwell: "Q. They do not exhibit the whole of the hill, do they? You did not pretend to take the whole of that hill, did you, there, that day? A. Not in one picture, no, sir. It would be an impossible thing to do. Q. Nor in two pictures? A. No, sir, not the whole hill."

Mr. Maxwell: We now offer in evidence the photographs marked respectively exhibits "A" and "B."

Mr. Wilson: We object to those photographs going to the jury on the ground that the evidence shows that they do not show or pretend to show the road as it existed at the time of the accident.

By the Court: The evidence shows just what they do show and that will admit them.

Objection overruled, exception and bill sealed. [3]

W. O. Hager, a witness for defendant, was asked this question, in chief:

" Q. What would you say the conduct of a person riding down this hill at the point where it was said that Beardslee met with the accident in September, 1894, behind a pair of colts, one three years old and one four years old, in a platform wagon, without any brake or locking, with twelve cheeses weighing thirty-three pounds each, including the boxes, and with thirty to thirty-five dozen eggs in the wagon and five persons, three grown and two small children, with a harness without any breeching on ; what would you say as to the conduct of the person, who was familiar with the road, riding down there under these circumstances ? "

Mr. Rockwell: We object that the witness has not shown himself qualified; that he does not pretend to know anything about this wagon, this team or this driver, and has not shown himself to be an expert in business of horsemanship; the evidence is not rebutting, and is not evidence in this case for the reason that the jury must pass on this question.

Objection overruled, exception and bill sealed.

" Q. What is your answer about coming down the hill?   A. I should not consider it very safe under those circumstances." [4]

Similar questions were asked five other witnesses, and the rulings were the same. [5–9]

The following question was asked a witness by defendant's counsel:

" Q. What would you consider the conduct of a party who would ride in a platform wagon going down the Bailey hill road, with five persons in the wagon (three grown persons and two children), with twelve cheeses in the same weighing thirty pounds each, exclusive of the boxes, and from thirty to thirty-five dozen eggs; hitched to two colts, one a three year old and one a four year old colt, one of the colts unshod, and using a harness without any breeching, or having any brake upon the wagon, and not locking the same, and he was familiar with the road on September 6, 1894 ? "

Mr. Wilson: We object to the answer to this question as being irrelevant and not proper testimony, the evidence already showing that the person injured here was not the owner of the wagon or the team, and was nothing else but a passenger at a

free ride, and had nothing to do with the driving, and no control over the teamster, nor any interest in the trip, except as an accommodation ride; and that the whole question is a question of fact for the jury and not for an expert, or a witness who is not an expert, and that this witness is not competent as an expert.

By the Court: A person that rides with another, as we understand the law, is responsible for all patent and known defects that he knows of, or by reasonable diligence should know. It would be just as much an act of negligence for a person to get in and ride with another person who had an unsafe conveyance, and go over a place, as it would for the person who drove the conveyance, if she knew of it. Mrs. Beardslee in this case has testified that she knew of the load that was in the wagon and knew that the wagon had no brake upon it, and she knew or could have known by reasonable care that the harness had no breeching on, and we do not think that the court would be justified in ruling that a woman does not know anything about business, and is not responsible for her acts the same as a man. So far as that is concerned we will admit the evidence; but as to the competency of this witness, we have some doubt, as we do not think he has given sufficient knowledge of his being an expert teamster to permit him to testify upon that subject.

Objection sustained.

The plaintiffs took exception to the remarks of the court in sustaining their objection. Bill sealed for plaintiffs. [17]

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* among others were (1–9) rulings on evidence, quoting the bill of exceptions; (17) remarks of the court while sustaining plaintiffs' exceptions, quoting the language.

*D. A. Overton,* with him *E. B. Parsons,* for appellants.—A photograph must be verified by proof that it is a true representation of the subject, and whether it is sufficiently verified is a preliminary question of fact to be decided by the judge presiding at the trial: Blair v. Pelham, 118 Mass. 420.

The general rule is that witnesses must testify to facts, and not to opinions: Platz v. McKean Twp., 178 Pa. 601; Cookson v. Ry., 179 Pa. 184; Auberle v. McKeesport, 179 Pa. 322; Graham v. Penna. Co., 139 Pa. 149.

The rule, as we understand it, that where a person has the choice of two ways, one of which is perfectly safe, and the other is subject to risks and dangers, and he voluntarily chooses the latter, and is injured, he is guilty of contributory negligence and cannot recover. In this case there was no duty on the plaintiffs to take the other road: Haven v. Pittsburg, etc., Bridge Co., 151 Pa. 620; Lynch v. Erie, 151 Pa. 380; Sheridan v. Palmyra Twp., 180 Pa. 439; Trexler v. Greenwich Twp., 168 Pa. 214; Pittston v. Hart, 89 Pa. 389.

Where a person is driving with a friend, and is injured by the negligence of another, the contributory negligence of the driver cannot be imputed to the person injured: Finnegan v. Foster Twp., 163 Pa. 135; Dean v. R. R., 129 Pa. 514.

*Wm. Maxwell* and *A. C. Fanning*, for appellee.—The preliminary questions and proof necessary to be established in order to entitle the photographs to be received in evidence are entirely for the court: Conrad v. Richter, 13 Pa. C. C. R. 478.

Photography is to be judicially recognized as a proper means of producing correct likenesses: Udderzook v. Com., 76 Pa. 340; Com. v. Connors, 156 Pa. 147; Chestnut Hill & Spring House Turnpike Co. v. Piper, 15 W. N. C. 55.

Any witness, not an expert, who knows the facts personally, may give an opinion in the matter regarding skill, after having stated the facts upon which he bases such an opinion: Ardesco Oil Co. v. Gilson, 63 Pa. 146; Ryder v. Jacobs, 182 Pa. 624; Allen's App., 99 Pa. 196; Graham v. Penna. Co., 139 Pa. 149; Whitmire v. Montgomery, 165 Pa. 253.

Whether a given act is performed in a prudent and proper manner is a subject upon which a witness qualified to speak may express an opinion: Elder v. Lykens Valley Coal Co., 157 Pa. 490; Kitchen v. Union Twp., 171 Pa. 145.

OPINION BY MR. JUSTICE MITCHELL, November 14, 1898:

The first three assignments of error are to the use of a photograph and permitting witnesses to indicate upon it to the jury the exact place of the accident, without any preliminary proof that it represented the place at all, and especially in view of the admission that it was not taken until after changes had been made in the road. This was error at the time. But it appears

that before the photograph was formally admitted in evidence, proof had been supplied of the identity of the locality, the general faithfulness of the representation, and the nature of the changes in the condition of the road between the time of the accident and the time of photographing. It becomes therefore a mere question of the order of testimony which is largely within the discretion of the trial judge, and the initial error was cured so that it did appellants no harm.

Photographs are competent evidence, and when properly taken are judicially recognized as of a high order of accuracy. See Udderzook v. Com., 76 Pa. 340. But in careless, or inexpert, or interested hands they are capable of very serious misrepresentation of the original. Before they are permitted to be used in the trial, therefore, there should always be preliminary proof of care and accuracy in the taking of them, and of their relevancy to the issue before the jury.

The further objection in the present case, that the photograph was not taken until after the township defendant had made changes in the road at the place of the accident, is not without difficulty. In photographs, as in plans, maps or other drawings used as evidence, there ought to be substantial identity in the person, place or thing photographed. and that which the jury are to consider in the case. But photographs of the scene of an accident taken at or near to the time are not always obtainable, and bearing in mind the object sought, the assisting of the jury by knowledge of the locality to judge the conduct of the parties with reference to the issue raised, the only practicable rule would seem to be that the changes must not be such as to destroy the substantial identity, and that the changes whatever they are must be carefully pointed out and brought to the jury's attention. This would have to be the course pursued if a view were allowed to the jury at the trial, and no other appears practicable in regard to plans, photographs or other substitutes for a view. With these safeguards the subject must be left largely to the discretion of the trial judge. In the present case we cannot say that there was any error in regard to the photograph of which the appellants are now entitled to complain.

The fourth to ninth assignments inclusive we are obliged to sustain. A hypothetical case as to the horses, the harness, the wagon and the load, as defendant viewed the evidence in regard

to the accident, was asked of a number of witnesses, and their opinions were admitted as evidence of contributory negligence on part of the plaintiff. They were not experts, several of them expressly disclaiming such character, and so far as appears none of them knew any more about the subject than the average juryman. There is no view on which the admissibility of such opinions can be sustained. The subject was carefully considered and the rule intended to be finally settled in Graham v. Penna. Co., 139 Pa. 149. See Dooner v. Canal Co., 164 Pa. 17, Cookson v. Ry. Co., 179 Pa. 184, and Auberle v. McKeesport, 179 Pa. 321. For this error in a generally well tried case we are obliged to reverse the judgment.

The assignments relative to the duty of the plaintiffs to have avoided the road where the accident occurred by taking another one need not be considered in detail. The jury were told in answer to one of defendant's points, "that if the point of the accident was so dangerous that an ordinarily prudent person would not have attempted to pass it, but would have taken another road under the circumstances, then the plaintiffs cannot recover in this case, and your verdict should be for the defendant." Appellants complain that there was no sufficient evidence that the other road was any safer, but as the case must go back for another trial it would be of no use to discuss this point any further.

The last assignment is to some remarks made by the judge in sustaining appellants' objection to an offer by the defendant. As the ruling of the court was in their favor, appellants would of course have no exception at common law, and their standing to object here must rest entirely on the Act of May 24, 1887, par. 3, P. L. 199, which authorizes exceptions to rulings, orders and remarks of the judge made in the hearing of the jury at any stage of the proceedings. This is a provision of very doubtful wisdom, and under it the ordinary rule that the error assigned must appear to have been injurious to the appellant will be most rigidly applied. The remarks of the judge here complained of are susceptible of an interpretation that would indicate that he had in mind the earlier rather than the later cases on the subject of the negligence of a driver as imputable to a voluntary passenger. But it is not entirely clear that such was

his meaning, and as he sustained appellants' objection the jury could hardly have drawn any inference adverse to the appellants from the occurrence.

Judgment reversed and venire de novo awarded.