## Yauch v. D'Alessandro, Appellant.

Argued October 4, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Samuel M. Rosenzweig,* with him *Aaron Rosenzweig,* for appellant.

*T. Robert Brennan,* with him *Brennan and Brennan,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 23, 1965:

This is an appeal from a judgment entered on a verdict rendered by a jury in favor of the plaintiffs in an action of assumpsit.

At trial, the testimony of the plaintiffs (husband and wife) established that they had made two loans, totaling $15,500, to the defendant personally which were never repaid, and had also advanced him the sum of $350 as a deposit on the price of an automobile which was never delivered.

The defendant did not testify at trial and no oral evidence was offered in contradiction of the plaintiffs' testimony. However, the defendant, through the cross-examination of the plaintiff, Mrs. Catherine V. Yauch, attempted to show that the money claimed was not loaned to him personally, but rather to a corporation, known as Al D'Alessandro, Inc.

At the time the loans were made, Mrs. Yauch was employed by the Al D'Alessandro corporation as a bookkeeper. During her cross-examination, books of the corporation, which showed the loans entered therein as corporate loans, were identified and permitted in evidence. These entries were admittedly made by Mrs. Yauch in her capacity as the corporation's bookkeeper. Hence, the defendant-appellant argues that the plaintiffs' own evidence proved the loans were corporate, rather than personal, and that he was entitled to either a directed verdict or judgment n.o.v.

What the defendant overlooks is that Mrs. Yauch explained why the entries were made in the manner described, and that her credibility was strictly a jury question and not one for the court. The case is similar factually to *Danko v. Pittsburg Rys. Co.*, 230 Pa. 295, 79 A. 511 (1911), and the ruling therein is controlling here. See also, *Nitch v. Moon*, 405 Pa. 474, 176 A. 2d 627 (1961), and *Brown v. Shirks Motor Express*, 393 Pa. 367, 143 A. 2d 374 (1958). Judgment n.o.v. was correctly denied.

The defendant also maintains that he is at least entitled to a new trial because the court refused to instruct the jury on the weight to be given the so-called written admissions of Mrs. Yauch (i.e., the entries on the corporate records) as against her oral testimony. The evidence concerned did not, in a true sense, constitute written admissions, since they were undeniably made in her capacity as an agent of the corporation and not as an individual. Also, the court defined the

426

issue clearly and adequately for the jury. Under the circumstances, we find no reversible error in the court's failure to charge in the manner requested.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.