478 A.2d 885

**Mary Anne HOLLAND, Appellant,**

**v.**

**George ZELNICK.**

Superior Court of Pennsylvania.

Argued June 17, 1983.

Filed July 13, 1984.

470

Richard M. Serbin, Altoona, for appellant.

Joey A. Storaska, Sunbury, for appellee.

Before McEWEN, ROWLEY and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Northumberland County and involves plaintiff-appellant's appeal from an order of the court below which denied her motion for a new trial.

Plaintiff, a 22 year old college graduate, was the operator of a motor vehicle on January 5, 1977 when it was struck in the rear by defendant's vehicle while stopped at a traffic control device. Plaintiff initiated an action in trespass against defendant alleging various injuries to her neck area. At trial three physicians testified about her injuries. Plaintiff's expert medical witnesses attributed her pain and suffering to the January 5, 1977 accident. The defendant's expert medical witness noted that neither he nor any of the physicians who had treated plaintiff found any objective evidence of pain. His opinion was that the January 7, 1977 accident did not cause plaintiff to have the pain of which she complained. He testified that her pain was subjective and was brought on by the litigation and was thus due to an external factor. Plaintiff also admitted that she had suffered an injury to her neck in April of 1976 in another automobile accident. The evidence at trial indicated that the January 5, 1977 accident consisted of a mere "thump" or "bump".

The jury returned a verdict on October 17, 1980. The verdict slip contained three interrogatories. Following deliberation the jury returned a verdict to the effect that defendant was negligent, but that defendant's negligence did not bring about plaintiff's injuries, and awarded plaintiff no damages. After the court below denied plaintiff's motions for a new trial limited to the issue of damages she appealed to this Court.

Plaintiff's first contention is that the court below erred when it refused plaintiff's point for charge which would have instructed the jury that plaintiff had a right to be compensated for aggravation of a previously existing injury. Plaintiff requested this charge and the trial court refused it. In support of its argument plaintiff cites our decision in the cases of *Binkey v. Olinger*, 282 Pa.Superior Ct. 473, 423 A.2d 1 (1980 and *Cingota v. Milliken*, 286 Pa.Superior Ct. 117, 428 A.2d 600 (1981) wherein we held that plaintiffs who have failed to allege in their complaint that an injury constituted an aggravation of a pre-existing one should be permitted to introduce evidence of such nature at the trial of their cases so long as the defendant is not surprised nor prejudiced in any way. Plaintiff argues that in the instant case her requested point for charge should have been granted because she was entitled to recovery even if her January 5, 1977 injuries constituted an aggravation of her April, 1976 neck injuries. The difficulty with this contention is that plaintiff never alleged *nor proved* that the January 5, 1977 accident aggravated her pre-existing injury. At trial all of her proof was to the effect that she had completely recovered from her April, 1976 injuries and that her present condition was attributable solely to the January 5, 1977 accident. In the cases cited above, while plaintiffs failed to plead aggravation of a pre-existing injury, they introduced evidence to prove it which was allowed by the courts. In our case plaintiff neither alleged nor proved such a situation. A trial court properly refuses a requested point for charge where it has no application to the facts of the case or where it assumes the existence of evidence not in the record. *Pavia v. State Mutual Life Assurance Co.*, 179 Pa.Superior Ct. 272, 116 A.2d 762 (1955). Since plaintiff never offered evidence to the effect that January, 1977 accident aggravated her pre-existing injuries, the court below did not err in refusing her requested point for charge.

Plaintiff's second contention is that the court below erred in refusing her motion for a new trial limited to the

issue of damages because the jury's verdict was against the law, against the weight of the evidence, and against the charge of the court. In her brief plaintiff goes to great lengths to describe the pain and emotional anxiety she suffered allegedly as a result of the accident. She also points to the testimony of her expert witnesses both of whom opined that her pain and emotional frustration were due to injuries received in the January, 1977 accident. She argues that although defendant's expert medical witness advanced the opinion that her pain and frustration were caused by her anxiety over her lawsuit he also admitted that the type of accident she described to him could result in soft tissue damage. Thus, she argues that for the jury, to find negligence on defendant's part, but for it also to find that the negligence was not a substantial factor in bringing about her injuries, it entered a contradictory verdict which was clearly against the weight of the evidence. We disagree. This is not a case where a defendant is found to be negligent and his negligence is found to have caused plaintiff's injuries, but an award of adequate damages is not returned because of some subjective view on the part of the jury. In this case despite the finding of negligence on defendant's part for "bumping" plaintiff's vehicle, the jury clearly found that defendant's actions had nothing to do with plaintiff's condition, real or otherwise. Simply put, the jury rejected the testimony of plaintiff's expert medical witnesses and accepted the testimony of defendant's expert. The jury simply did not believe that the headaches and other severe pain described by plaintiff and her parents at her trial were caused by defendant's negligent action in bumping plaintiff's vehicle. Thus, the jury found that defendant's negligence was not the proximate cause of plaintiff's complaints and the failure of it to find proximate cause was fatal to plaintiff's claim. A review of the record testimony reveals that such a finding is supported by the evidence. Plaintiff sought no medical treatment immediately after the accident, continued to work without interruption for more than a year after the accident, swam, jogged, sat through sporting events, tickets to which she was able to

secure from the law firm where she later worked, and frequently drove from Washington, D.C. to Shamokin, PA. a 3½ hour trip, alone and without aid after the accident. She also admitted that she was not required to wear any surgical collar or neck brace as a result of the accident and that she had gone for periods as long as 10 months where she had not sought any medical treatment from any physician. A review of the above facts makes it abundantly clear that there was ample evidence to the effect that defendant's conduct did not cause plaintiff's alleged pain. Even if the facts concerning an automobile collision are sufficient to establish negligent conduct on the part of the defendant, the plaintiff still has the burden of proving that his injuries were caused by such negligence. *Brodhead v. Brentwood Ornamental Iron Co., Inc.*, 435 Pa. 7, 255 A.2d 120 (1969). Furthermore it was within the province of the jury to determine the credibility of the witnesses. *Brodhead*, supra. In the instant case we find that the jury's verdict was not inconsistent nor against the weight of the evidence as the record fully supports the notion that defendant was negligent in bumping plaintiff's vehicle but that the collision did not cause plaintiff's injuries.

Plaintiff argues that because defendant's expert medical witness admitted that a collision from the rear can cause soft tissue injury to the cervical area and that plaintiff might very well have suffered such an injury that the jury, having found defendant negligent, was required to award her something. The very same claim was made and rejected in *Brodhead*. The issues as to whether plaintiff was really suffering any pain and whether any such pain was caused by defendant's conduct was for the jury. The jury was not required to award plaintiff any amount as it obviously believed that any injury plaintiff suffered in the accident was insignificant. In *Surgent v. Stein*, 280 Pa.Superior Ct. 142, 421 A.2d 445 (1980), we held that where a plaintiff's injuries are slight and her medical bills are paid in full by her no-fault carrier the jury has no duty to reimburse her for them. The jury's verdict in the instant

case was proper and it had no duty to award plaintiff damages.

■ Next, the plaintiff argues that the court below erred in permitting testimony regarding the payment of unemployment benefits to her during the period of time that she alleged she was unable to work due to her alleged injuries. The cases cited by plaintiff in support of her contention, however, were all cases which were either non-vehicular or which occurred prior to the Pennsylvania No-Fault Insurance Act, 40 P.S. 1009.101 et seq. In the instant case the trial court properly charged the jury to the effect that any medical expenses or work loss benefits would be paid by her own No-Fault carrier and that no award could be made for same.[1]

Under the no-fault law it is not only proper, but necessary, to instruct the jury as to the receipt of certain collateral benefits by a plaintiff involved in an automobile accident who is seeking recovery for injuries allegedly sustained therein. Thus, we hold that the collateral source rule has been modified by the No-Fault Act. We do not find that the court below committed reversible error when it permitted defendant to question plaintiff on her receipt of unemployment compensation benefits.

■ Finally, plaintiff argues that it was error for the trial court to restrict plaintiff's counsel in his examination of her rebuttal witness, a Corporal Adulph Blugious. Blugious was the police officer who had taken the information in order to prepare the police report. He had not seen the accident occur. The officer was not permitted to testify directly from the report or to have the report admitted into evidence. He was permitted to use it in order to refresh his recollection. After he had been questioned extensively by both plaintiff and defendant the court asked the officer what amount he had inserted into the report for damages to plaintiff's vehicle. He estimated her damages at $85.00.

1. Plaintiff's work loss was well below the $15,000 limit imposed by *40 P.S. 1009.202(b)*.

Plaintiff's counsel then attempted to question him further. The court, however, reminded plaintiff's counsel that the officer was already late for his vacation and that plaintiff's counsel had made a "solemn promise" to the witness regarding the length of the questioning. We also note that the officer had described in detail the physical damage to both plaintiff's and defendant's vehicles which he had observed. A police report prepared by an officer who is not a witness to the accident is inadmissible hearsay evidence and should not be admitted into evidence. *Johnson v. Peoples Cab Company*, 386 Pa. 513, 126 A.2d 720 (1956). Nor should a party be able to get such a report into evidence in an indirect manner. In the instant case the officer testified at length about the damage to the vehicles which he observed. Thus, the jury had before it this information and not just the officer's estimate of $85.00 in damages to plaintiff's vehicle. Under these circumstances we do not find that the court below abused its discretion in limiting plaintiff's questioning as it did.

Judgment affirmed.

ROWLEY, J., concurs in the result.