539 A.2d 446

Sharon K. Vogelsong CREE and Shirley A. Vogelsong Hesse, Appellants,

v.

Charles D. HORN and H.C. Gabler, Inc., Appellees,

v.

Sharon Vogelsong CREE.

Superior Court of Pennsylvania.

Argued Feb. 2, 1988.

Filed March 22, 1988.

Gregory Martin, York, for appellants.

Christian S. Erb, Jr., Harrisburg, for appellees.

Before CAVANAUGH, OLSZEWSKI and POPOVICH, JJ.

OLSZEWSKI, Judge:

This personal injury action arose from a motor vehicle accident which occurred on August 21, 1981. Appellant, Sharon K. Vogelsong Cree, was the driver of one of the vehicles in which her sister, appellant Shirley A. Vogelsong Hesse, was a passenger. After coming to a stop for a traffic signal, appellants' car was hit from behind by a

tractor-trailer driven by appellee, Charles D. Horn. Questions of negligence and contributory negligence were hotly contested at trial. Appellants' contended that their vehicle was hit while they were stopped at a red traffic signal. Conversely, appellee claimed that appellants proceeded forward when the light turned green and then suddenly stopped. Another contested issue was the injuries, if any, suffered by appellants. It is this second issue which forms the basis of this appeal.

After hearing the testimony, the jury returned with a verdict in appellants' favor. Specifically, in response to interrogatories the jury found that appellee was negligent, that his negligence was a substantial factor in causing the accident, and that appellants were not contributory negligent. On the issue of damages, the jury awarded each appellant the sum of $10,000 as "other damages." No damages were awarded for appellants' lost earnings and diminished future earning capacities. After the verdict was entered, appellants filed a timely motion for a new trial on the issue of damages. That motion was denied and this appeal followed [1] wherein appellant raises four issues for our consideration:

I. Was the jury's verdict regarding loss of earnings and impairment of earning capacity as to Sharon Vogelsong Cree, and the jury's verdict as to the present and future impairment of earning capacity as to Shirley Vogelsong Cree, against the weight of the evidence presented at trial and in contradiction to all medical testimony in the case, including the testimony of appellees' own medical experts, Dr. Davis and Dr. Patterson?

II. Were the total verdicts of the jury as to each appellant regarding damages sustained by each appellant as a result of this accident, against the weight of the evidence

---

1. According to the record, judgment was not entered until after appellants filed a notice of appeal. Nonetheless, this appeal is properly before the Court. See Pa.R.App.P. 905(a) ("[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). See McCormick v. Blue Cross of Western Pennsylvania, 360 Pa.Super. 210, 212, 520 A.2d 59, 60* (1987).

presented at trial, and contrary to the laws set forth by the honorable trial judge in his charge to the jury? III. Did the court err in denying appellants' motion in limine and permitting appellees' counsel to argue to the jury that the injuries and damages sustained by appellants could not have been as severe as they were claiming, given the relatively minor extent of the property damage sustained by appellants' vehicle in this accident, when there was no evidence from any expert in that regard?

IV. Did the court err in permitting the testimony of Lee Tinkey, R.N. to testify regarding various jobs available in the community, the duties of those jobs, the rates of pay of those jobs, when Ms. Tinkey testified that said information was obtained from various employers in the area, and therefore, such testimony was hearsay and did not fall within any exceptions to the hearsay rule.

Having considered these issues and determined that each is meritless, we affirm the judgment.

Appellants first assert that the verdict regarding the loss of earnings and earning capacity was against the weight of the evidence.

[T]he decision to either grant or deny a motion for a new trial [on the grounds that the verdict was against the weight of the evidence] is within the sound discretion of the trial court and will be reversed on appeal only if the appellate court determines the trial court palpably abused its discretion.... Our Supreme Court has held that a new trial should be granted only where the verdict is so contrary to the evidence as to shock one's sense of justice.... A new trial should not be granted where the evidence is conflicting and the jury might have found for either party, nor where the trial judge would have reached a different conclusion on the same facts.

*Hawthorne v. Dravo Corp.,* 352 Pa.Super. 359, 365, 508 A.2d 298, 301 (1986), *allocatur denied,* 514 Pa. 617, 521 A.2d 932 (1987), *quoting, Myers v. Gold,* 277 Pa.Super. 66, 69, 419 A.2d 663, 664 (1980) (other citations omitted).

Instantly, the evidence showed that immediately after the accident, appellants were taken to Holy Spirit Hospital where they were examined and then discharged. Three days later, on the following Monday morning, both girls started licensed practical nursing school. Their schooling was on a full-time basis for a continuous twelve-month period. An administrator from the nursing school testified at length as to the rigors of the nursing program and as to her observations of appellants; according to her testimony, appellant Shirley Hesse exhibited no physical limitations or problems. As to both appellants, no problems were documented by any of the instructors.

While the girls were attending nursing school, they were also employed on a part-time basis at a fast-food restaurant.

Both girls graduated nursing school on August 26, 1982. Within two weeks of graduation, both commenced working on a full-time basis at Holy Spirit Hospital as licensed practical nurses. Testimony presented by appellants' supervisors established that both were conscientious, good workers. Neither supervisor identified any problems encountered by the girls.

This lawsuit commenced in September of 1983. That same month Shirley started missing some work and, four months later, resigned her position.

Testimony also established that both girls were married on October 6, 1984. Shirley Hesse gave birth on March 3, 1985.[2] Shirley has also been involved in aerobic exercise at a spa. Sharon testified that she has not worked anywhere from the time she resigned from the hospital in December of 1982 until February of 1986 when she started a part-time job at a gift shop.

Dr. Leland Patterson, M.D., opined that Sharon is able to work and there is no reason why Shirley should not be working. Dr. Patterson stated, however, that Sharon should work on a part-time basis and should refrain from heavy lifting at the present time. Another of appellee's

2. We note that because Shirley has had a child, she did not seek past lost earnings.

expert witnesses, Dr. Robert Davis, testified that both appellants had pre-existing psychological conditions which were aggravated by the accident and which required additional therapy before appellants could return to work in the nursing field.

Testimony presented by appellants was contrary. Sharon argued that she resigned from her position as a licensed practical nurse after two months because she was unable to perform the duties. Shirley stated that she was able to continue working at the hospital on a full- and part-time basis until March 1984 when she had to resign because of her injuries. Shirley has not worked since that time but would have considered returning to work if she was not physically disabled.

Appellants' initial treating physician, Dr. Robert Kaneda, recalled that he diagnosed the injuries as cervical and lumbosacral sprains. Because appellants had not commenced their nursing positions at the time of this initial examination, however, Dr. Kaneda was unable to offer an opinion as to whether the injuries were disabling.

Another of appellants' treating physicians, Dr. Douglas K. Sanderson, testified that Sharon suffers a "chronic multi-focal muscle strain with secondary peripheral nerve involvement," and that her prognosis is "poor to guarded." Dr. Sanderson also opined that "it is very very unlikely that she will ever be able to regain status as a hospital based, full-time licensed professional nurse." In regard to Shirley, Dr. Sanderson testified that she demonstrated chronic neck and shoulder girdle strain, headaches, back strain, and a low-grade secondary ulnar nerve dysfunction. He opined that Shirley would be limited to a part-time sedentary job as a result of her injuries.

Also testifying on behalf of appellants was Dr. Michael Innes, a chiropractor, who testified that both appellants had sustained muscular skeletal injuries as a result of the accident, that their conditions were permanent, and that appellants were permanently disabled from working in the nursing field.

Finally, Dr. John M. Hume, a psychiatrist, testified that due to appellants' present emotional states, neither could return to nursing.

On the basis of the medical testimony, appellants presented the testimony of Harold Kulman, a vocational expert who testified as to the past loss of earnings and future impairment of earning capacity sustained by each appellant. Mr. Kulman opined that each appellant was permanently disabled from performing work as licensed practical nurses and would be limited to part-time sedentary work. He estimated that Sharon's lost earnings were $40,560 as the result of her disability. Mr. Kulman also estimated that impairment in the earning capacities of Sharon and Shirley were approximately $200,000 and $700,000 respectively.

■ Given the conflicting nature of the evidence, it cannot be said the trial court abused its discretion in concluding that the jury's verdict was not contrary to the weight of the evidence. Despite the finding of negligence on appellee's part for hitting appellants' car, the jury clearly found that appellee's actions had nothing to do with appellants' alleged lost wages and diminished earning capacity. After reviewing the evidence, we are satisfied that a jury could have found that appellants' post-accident conduct negated any claim that appellants suffered a loss of earnings and that their earning capacity was not impaired. Simply stated, the jury did not believe that appellants' inability to work was caused by appellee's negligent action. It was within the province of the jury to determine the credibility of the witnesses. *Brodhead v. Brentwood Ornamental Iron Co., Inc.*, 435 Pa. 7, 11–12, 255 A.2d 120, 122 (1969). Because the record fully supports the determination that appellee's negligence did not cause the alleged damages, we find nothing shocking in the verdict of the jury.

Continuing in their attack on the jury verdict, appellants also assert that the award of $10,000 to each appellant for noneconomic damages is insufficient, contradicts the evidence presented and, in general, is against the weight of the evidence. Appellants argue forcefully that the monetary

award fails to reflect the four years of pain and suffering which they have suffered.

Upon review of a challenge to the inadequacy of the damages, our standard is extremely narrow:

"Where the trial court grants a new trial on the ground of inadequacy the appellate courts will not interfere in the absence of a gross abuse of discretion.... When the trial court *refuses* relief against an allegedly inadequate verdict the appellate court *will exercise even greater caution in reviewing* its action." Obviously, the function of determining whether a jury's verdict is arbitrary and capricious lies with the trial court, and its decision will not be set aside in the absence of clear error of law or palpable abuse of discretion.

*Bronchak v. Rebmann,* 263 Pa.Super. 136, 140, 397 A.2d 438, 440 (1979) (emphasis in original), *quoting, Paustenbaugh v. Ward Baking Co.,* 374 Pa. 418, 420–21, 97 A.2d 816, 818 (1953).

■ We have reviewed the evidence and find no abuse of discretion by the trial court. In light of the testimony, the jury could have easily concluded that the noneconomic damages suffered by appellants was de miminis. *See Carroll v. Pittsburgh Railways Co.,* 200 Pa.Super. 80, 85, 187 A.2d 293, 296 (1962). "The duty of assessing damages is within the province of the jury" and as trier of fact, they weigh the veracity and credibility of the witnesses and their testimony. *Lewis v. Pruitt,* 337 Pa.Super. 419, 487 A.2d 16, 22 (1985). *See Standard Pipeline Coating Co., Inc. v. Solomon & Teslovich Co., Inc.,* 344 Pa.Super. 367, 496 A.2d 840 (1985). In light of the evidence and the above-stated principles, we cannot conclude that the jury's verdict of $10,000 in noneconomic damages to each appellant was so unreasonable and inadequate as to warrant the grant of a new trial.

Appellants' third claim challenges the use at trial of several photographs showing the extent of the damage to appellants' car. This claim initially arose in a motion in

limine whereby appellants sought to prevent appellee from presenting any evidence, comment, or argument regarding the severity of the injuries based upon the force of the collusion or damage to appellants' car. That pretrial motion was denied. During their case-in-chief, appellants introduced into evidence several photographs of their vehicle, two of which showed the exterior damage to the car.[3] Both parties were permitted to use the photographs, and appellants requested no cautionary instructions as to how the jury should view or consider the photographs. Appellants now contend that the relationship between the damage to the car and the physical injuries to appellants was not a matter within the common knowledge of a lay person. Hence, the trial court should have prevented appellee from using the photographs and commenting on the minor damage to the car absent expert testimony relating the property damage to the physical injuries.

■ Given the means by which this issue arose, we find that it affords no basis for relief. A party may not complain on appeal of an error which was of his or her making. *See Sweener v. First Baptist Church,* 516 Pa. 534, 540 n. 1, 533 A.2d 998, 1000 n. 1 (1987). Once appellants introduced the photographs into evidence, the door was opened for comment by the opposing party.

Nonetheless, we have closely examined appellants' claim and find it meritless. We begin with the tenet of law that " 'questions concerning the admission of evidence are within the sound discretion of the trial court, whose decision will not be disturbed absent a clear abuse of discretion.' " *Serhan v. Besteder,* 347 Pa.Super. 11, 22–23, 500 A.2d 130, 136 (1985), *quoting, Gallegor by Gallegor v. Felder,* 329 Pa.Super. 204, 211, 478 A.2d 34, 38 (1984). "Expert testimony is admissible when it involves explanations and inferences not within the ordinary training, knowledge, intelligence and

---

**3.** Appellants concede in their brief that the damage to the car was relatively minor.

experience of the jury." *Kubit v. Russ,* 287 Pa.Super. 28, 35, 429 A.2d 703, 706 (1981). Against these standards we will test the trial court's ruling.

■ It is not questioned that the photographs of appellants' car were admissible evidence. Appellants claim, however, that the photographs could not be used to refute the alleged severity of the damages in the absence of testimony by an expert witness. We disagree. Our courts have long affirmed verdicts which were based upon a jury's common-sense evaluation of conflicting evidence; minimal physical damage to a vehicle is merely one means by which the evidence is tested. *See Brodhead v. Brentwood Ornamental Iron Co., Inc.,* 435 Pa. 7, 255 A.2d 120 (1969); *Nitch v. Moon,* 405 Pa. 474, 176 A.2d 627 (1961); *Boyle v. Ward,* 39 F.Supp. 545 (M.D.Pa.1941); *Krouse v. Graham,* 19 Cal.3d 59, 137 Cal.Rptr. 863, 562 P.2d 1022 (1977). For this reason we conclude the court did not err in permitting appellee to comment on the evidence.

■ Finally, appellants assert that the court erred in permitting appellee's witness, a registered nurse and rehabilitation specialist, to offer an opinion as to the availability of various jobs in the health-care field. Again, we disagree. The trial judge has broad discretion with regard to the admission of expert testimony. *Mapp v. Dube,* 330 Pa.Super. 284, 293, 479 A.2d 553, 557 (1984). Testimony as to the opportunities for employment are admissible if based upon personal knowledge. *Id.* Here, appellee's witness stated that her job is to coordinate data, determine what jobs are available in the marketplace, and to locate jobs for individuals who are undergoing rehabilitation. Given the witness's occupation as a rehabilitation specialist, her testimony was from personal knowledge of jobs which were available in the health-care industry. We find no abuse of discretion by the trial court in ruling that the testimony was admissible.

Judgment affirmed.