## Kitzmiller v. Zeitner

C.P. of Lehigh County, no. 96-C-1852.

*Joseph P. Novak,* for plaintiffs.
*Paul G. Lees,* for defendants.

BLACK, *J.,* March 31, 2000—This case arises from a motor vehicle collision in which an automobile operated by plaintiff Anita Kitzmiller was struck from the rear by a tractor-trailer operated by defendant Thomas Zeitner. Plaintiffs seek to recover damages for personal injuries allegedly sustained by Mrs. Kitzmiller in this accident. After a jury trial, in response to special interrogatories, the jury found that defendants were negligent, but that this negligence was not a substantial factor in causing harm to plaintiffs. We then molded a verdict in favor of defendants.

Plaintiffs have moved for a new trial on two grounds. First, they contend that the jury verdict was against the clear weight of the evidence.[1] Second, they contend that the trial court erred in admitting into evidence photographs of plaintiffs' vehicle taken after the accident. For the reasons set forth below, plaintiffs' motion is denied.

## THE WEIGHT OF THE EVIDENCE

A trial court may grant a new trial on the ground that the jury's verdict is against the weight of the evidence only where the verdict is so contrary to the evidence that it "shock[s] one's sense of justice." *Randt v. Abex Corp.,* 448 Pa. Super. 224, 231, 671 A.2d 228, 232 (1996).

"[A] new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion. . . ." *Thompson v. City of Philadelphia,* 507 Pa. 592, 598, 493 A.2d 669, 672 (1985).

---

1. In plaintiffs' post-trial motion, the first five reasons advanced for a new trial are all subsumed under this general category.

In this case Mrs. Kitzmiller alleged injuries to her neck and shoulder as a result of the collision. She claims damages for pain and suffering and her husband, plaintiff Ricky Kitzmiller, claims damages for loss of consortium. There is no claim for medical expenses, property damage or any economic loss. The damage claims were supported by testimony from plaintiffs themselves and from Mrs. Kitzmiller's treating physicians, who in turn relied on the history provided them by plaintiffs. Plaintiffs' claims were totally dependent on the credibility of their witnesses, and in particular on the credibility of Mrs. Kitzmiller.

In finding that Mrs. Kitzmiller did not suffer harm in the accident, the jury apparently did not find her testimony credible. Although the verdict did surprise this writer, it did not "shock one's sense of justice." There was no unimpeachable evidence of Mrs. Kitzmiller's injury. The jury was entitled to disbelieve her complaints of pain and her professed limitation of activity.

It is well established that credibility determinations are within the sole province of the jury.

"A jury is entitled to believe all, part, or none of the evidence presented. . . . A jury can believe any part of a witness' testimony that they choose, and may disregard any portion of the testimony that they disbelieve." *Martin v. Evans,* 551 Pa. 496, 505, 711 A.2d 458, 463 (1998) (quoting *Randt v. Abex Corp.,* 448 Pa. Super. 224, 234, 671 A.2d 228, 232 (1996)).

In this case the jury chose to disbelieve the testimony of plaintiffs' witnesses. This was within the jury's province, and under our system of laws we must respect that decision.

The Pennsylvania Supreme Court has stated:

"Pain may be subjective, and if believed, is compensable. . . . If the pain, however, has no known medical source and is subjective to the person, the triers of fact must believe and accept that it could and in fact exists. They are not to be faulted, however, if they do not believe all they are told and all that their common experience does not accept. That is not to say, they may disregard obvious injury. It is, however, to say that they are not obliged to believe that every injury causes pain or the pain alleged. . . .

"Jurors are not compelled to find pain where there [is] no objective injury. They could have but they did not, and it is not a fact of human experience that *every* tort produces *compensable* pain." *Boggavarapu v. Ponist,* 518 Pa. 162, 167-68, 542 A.2d 516, 518-19 (1988). (citations omitted) (emphasis in original)

In *Boggavarapu,* the Supreme Court reversed the trial judge's grant of a new trial and reinstated the jury's verdict, holding that the jury was not compelled to believe that compensable pain had resulted from the allegations of injury.

To the same effect are *Holland v. Zelnick,* 329 Pa. Super. 469, 478 A.2d 885 (1984) and *Brodhead v. Brentwood Ornamental Iron Co. Inc.,* 435 Pa. 7, 255 A.2d 120 (1969). In *Holland,* like the instant case, the plaintiff's vehicle was struck from behind, and the plaintiff claimed injuries to her neck area. However, there was no objective evidence of injury. The Superior Court upheld the jury verdict that the defendant's negligence did not cause harm to the plaintiff. In *Brodhead,* the plaintiff was standing near his milk truck when it was struck by a steel truss being hauled by defendant on a tractor-trailer.

The impact threw the plaintiff forward. The only testimony substantiating his injuries came from the plaintiff himself and his treating physician. A jury verdict for the defendant was upheld on the ground that "the jury must have decided that plaintiff was not injured in this accident." *Id.* at 10, 255 A.2d at 122.

Plaintiffs rely on the case of *Neison v. Hines,* 539 Pa. 516, 653 A.2d 634 (1995), in which the Supreme Court reinstated the new trial order of the trial judge after the Superior Court had reversed the trial judge's decision. *Neison,* however, is readily distinguishable. The collision in that case was so violent that it caused the plaintiff's head to shatter the rear window of his car, resulting in a large lump on the plaintiff's head. Moreover, the defendant's own expert acknowledged that plaintiff was injured in the accident. See also, *Mano v. Madden,* 738 A.2d 493 (Pa. Super. 1999), where the defendant's expert conceded that plaintiff had suffered some injury from the accident.

In the instant case the jury could have concluded from the evidence that the collision was a very mild one. Moreover, there was no visible injury to Mrs. Kitzmiller. Nor was there any acknowledgment by defendants' medical witness, Dr. Eugene I. DiSalvo, that Mrs. Kitzmiller was injured in the accident. In short, there is nothing about the circumstances of the case that required the jury to believe Mrs. Kitzmiller and her witnesses.

Plaintiffs argue that Dr. DiSalvo's testimony supported their case. However, this is not an accurate interpretation of what he said. Dr. DiSalvo, who testified by videotape deposition, stated that he found no objective evidence of any injury in his examination of Mrs. Kitzmiller, which took place several years after the accident. His

testimony was that Mrs. Kitzmiller *"may* have sustained *at the most* a cervical strain."[2] He indicated clearly that his opinion was based on her history rather than on any objective findings. All that Dr. DiSalvo really said was that *if* the jury found credible Mrs. Kitzmiller's description of her symptoms, the most she would have sustained was a cervical sprain. Accord, *Livelsberger v. Kreider,* 743 A.2d 494 (Pa. Super. 1999) (defendant's medical expert testified that plaintiff "may have" sustained a cervical sprain, but did not concede that she actually had suffered such an injury).

Plaintiffs state that Dr. DiSalvo was more definitive in his medical report prior to trial, following his examination of Mrs. Kitzmiller. However, this report was not admitted into evidence, upon *plaintiffs'* objection, because it had not been properly authenticated. Since this report is not in evidence, we cannot consider it as the basis for a new trial. Furthermore, the report does not indicate any objective findings of injury to Mrs. Kitzmiller from the accident. When read as a whole, the report is based solely on Mrs. Kitzmiller's description of her symptoms.

For these reasons we cannot overturn the jury's verdict that defendants' negligence did not cause harm to plaintiffs.

"Issues of credibility were decided by the jury in this case. Courts are reluctant to overturn factual findings where a jury has made credibility determinations and do

---

2. Deposition of Eugene I. DiSalvo M.D., defendants' exhibit 9, p. 57. (emphasis added)

so only in the rarest of circumstances." *Armbruster v. Horowitz,* 744 A.2d 285, 287 (Pa. Super. 1999).

This case does not qualify as one of those "rarest of circumstances."

## THE PHOTOGRAPHS

Photographs of plaintiffs' vehicle taken shortly after the accident were admitted into evidence.[3] Plaintiffs objected to these photographs on the ground that immediately after the accident, before the photographs were taken, Mr. Zeitner and Mrs. Kitzmiller pulled out, by hand, a dent to the rear panel of the Kitzmiller vehicle, so that Mr. Kitzmiller could close the trunk. Thus, the photographs do not precisely depict the vehicle immediately after the accident. We admitted the photographs into evidence, nonetheless, because the change was clearly pointed out to the jury and we concluded that the probative value of the photographs far exceeded the danger of confusion or prejudice.

Pennsylvania Rule of Evidence 403 provides:

"Evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In deciding whether to admit the photographs, we focused on three questions: (1) did the photographs portray a relevant condition? (2) were the changes in the condition of the vehicle adequately explained to the jury? (3) was the likelihood of confusion remote? We answered all three questions in the affirmative.

---

3. Defendants' exhibits 1 through 4.

As to the relevance of the photographs, one of the principal issues in the case was the force of the impact. Mrs. Kitzmiller testified that there were two impacts in the course of which she was thrown forward violently, causing a whiplash-type injury.[4] Mr. Zeitner described the impact as so slight that it was barely noticeable. According to Mr. Zeitner, he brought his tractor-trailer to a halt, only to have it roll forward very slowly, resulting in a very mild impact.[5] Therefore, the extent of the damage to the rear of the Kitzmiller vehicle was quite relevant to assist the jury in determining the force of the impact. The photographs show that there were at most scrapes on the rear bumper of the Kitzmiller vehicle; that the license plate lights and the two plastic holders on either side of the license plate were not damaged; that the taillights were intact; and that the lettering or insignia at the rear of the vehicle was unscathed.[6] Thus, from the lack of damage to certain parts of the rear of the Kitzmiller vehicle, one could infer that the collision was one of limited force.

It would have been preferable to have photographs taken prior to the remedial work done by Mr. Zeitner and Mr. Kitzmiller, but this was not possible. As the Supreme Court pointed out long ago in *Beardslee v. Columbia Township,* 188 Pa. 496, 41 A. 617 (1898),

"[P]hotographs of the scene of an accident, taken at or near to the time, are not always obtainable. . . .

"[T]he only practicable rule would seem to be that the changes must not be such as to destroy the substantial

---

4. N.T. at 9-10, 49-50.
5. N.T. at 49-100, 109-110.
6. N.T. at 57-58, 86-88, 101-102, 107.

identity, and that the changes whatever they are must be carefully pointed out and brought to the jury's attention." *Id.,* 188 Pa. at 502, 41 A. at 618.

The limited remedial work done by Mr. Zeitner and Mr. Kitzmiller in pulling out a dent by hand was fully explained to the jury on several occasions during the course of the trial. Defendants' counsel referred to the changes in his opening statements.[7] Each of the three fact witnesses, Mrs. Kitzmiller, Mr. Kitzmiller and Mr. Zeitner, was examined fully on this very point.[8] Therefore, it was made crystal-clear to the jury that the photographs did not exactly depict the vehicle's condition immediately after the accident. The jury was fully informed by all three fact witnesses that a dent to the rear panel had been pulled out by hand prior to the taking of the photographs.

Since this was a short trial lasting less than a day and a half, the explanation of the changes could not have been lost in a sea of other information. The change was not difficult to understand. It was repeated in the testimony of each of the three fact witnesses. We do not believe that the jury could have been confused or misled by the photographs. If plaintiffs' counsel had thought there was a possibility of jury confusion, he could have requested a supplemental jury instruction on this point. He did not do so.

If a photograph depicts a relevant condition, it is not necessary that the condition portrayed in the photograph

---

7. N.T. at 126.

8. N.T. at 56-59 (cross-examination of Mrs. Kitzmiller); N.T. at 86-88 (cross-examination of Mr. Kitzmiller); N.T. at 101 (direct examination of Mr. Zeitner); N.T. at 114-16 (cross-examination of Mr. Zeitner).

be absolutely similar to the condition at the time in question. See *Aiello v. SEPTA,* 687 A.2d 399, 403 (Pa. Commw. 1996). In the instant case the change in the condition of the Kitzmiller vehicle was adequately explained, and the probative value of the photographs outweighed the danger of unfair prejudice or jury confusion. Therefore, the photographs were properly admitted into evidence.

### ORDER

Now, March 31, 2000, upon consideration of plaintiffs' motion for post-trial relief, after review of the parties' briefs and oral argument, and for the reasons set forth in the accompanying opinion, it is ordered that said motion be and hereby is denied.