447 A.2d 996

**Helen DAVIS & William Davis, Appellants,**

**v.**

**John A. LANGTON, D. O.**

Superior Court of Pennsylvania.

Argued May 5, 1982.

Filed July 2, 1982.

James L. Womer, Philadelphia, for appellants.

Brian M. Peters, Philadelphia, for appellee.

Before SPAETH, ROWLEY and CIRILLO, JJ.

PER CURIAM:

This appeal is from an order dismissing appellant's complaint with prejudice pursuant to Pa.R.C.P. 4019 for repeatedly failing to answer appellee's supplemental interrogatories. The procedural history of this case is adequately discussed by the lower court. On appeal, appellant argues that the lower court abused its discretion by dismissing the complaint with prejudice when other less severe sanctions were available under the rule. We agree. Although we can well understand the lower court's frustration with appellant's counsel, we nevertheless think it was unduly harsh to preclude appellant's claim.

Reversed and remanded. Lower court to enter an order precluding appellant from proving any damages which were the subject of appellee's interrogatories.

CIRILLO, J., files a concurring opinion.

340

CIRILLO, Judge, concurring.

I agree with the majority that rather than preclude appellant's claim, it is more appropriate to prevent appellant from proving damages which were the subject of appellee's interrogatories.

In addition to the above sanction, I would require appellant's attorney, Mr. Feingold, to pay to appellee the reasonable expenses, including attorney's fees, incurred in obtaining the order of compliance and the order for sanctions.[1]

Authority for our imposition of expenses upon Mr. Feingold may be found at Pa.R.C.P. No. 4019(g)(1) which provides that:

Except as otherwise provided in these rules, if following the refusal, objection or failure of a party or person to comply with any provision of this chapter, the court, after opportunity for hearing, enters an order compelling compliance and the order is not obeyed, the court on a subsequent motion for sanctions may, if the motion is granted, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses, including attorney's fees, incurred in obtaining the order of compliance and the order for sanctions, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

The explanatory note to Rule 4019(g)(1) states that:

These are powerful disciplinary tools, if the courts will use them. The placing of the burden to escape the expenses and counsel fees on the shoulders of the losing party, plus the new provision for imposing the sanction on the attorney, will hopefully assure compliance with the Discovery Rules and a minimum of sanction proceedings.

---

1. We believe that in the future the courts should invoke Rule 4019(g)(1) as the initial sanction against attorneys, who fail to answer interrogatories, rather than punish the party by precluding his case from being heard on the merits.

We note that Rule 4019 was amended on November 20, 1978 adding, among other things, the (g)(1) remedy. The amendment was to take effect 120 days after December 16, 1978, or April 16, 1979. In the instant case, the order imposing sanctions was issued on January 16, 1979, three months before the effective date. Despite this finding, we believe that Rule 4019(g)(1) should be applied to this case.

In *Pope v. Pennsylvania Threshermen & Farmers Mut. Cas. Ins. Co.*, 176 Pa.Super.Ct. 276, 107 A.2d 191 (1954), our court declared:

A statute is normally construed to operate prospectively only, especially where vested rights are affected, but if a statute is curative, remedial or procedural only, it may be applicable to litigation instituted prior thereto but not completed.

See *Honey Bear, Inc. v. Commonwealth, Pennsylvania Liquor Control Board*, 45 Pa.Commw.Ct. 185, 406 A.2d 814 (1979).

A remedial law has been defined as that:

Affording a remedy; giving means of obtaining redress; of the nature of a remedy; intended to remedy wrongs and abuses, abate failures, or supply defects; pertaining to or affecting remedy, as distinguished from that which affects or modifies the right.

*Blacks Law Dictionary*, West Publishing Co., Fifth Edition, p. 1162 (1979).

A procedural law has been defined as:

That which prescribes a method of enforcing rights or obtaining redress for their invasion; machinery for carrying on procedural aspects of civil or criminal action. e.g. Rules of Civil, Criminal and Appellate Procedure...

*Id.* at p. 1083.

Based on the foregoing, it is evident that Rule 4019(g)(1) is a rule of civil procedure which provides an additional remedy to the moving party, when an order of compliance and order for sanctions have been imposed. Thus, as a remedial or procedural statute, Rule 4019(g)(1) is applicable

342

to this litigation which was pending at the time of its enactment.