640 A.2d 416

Ann MUSUMECI and Salvatore Musumeci, H/W

v.

PENN'S LANDING CORPORATION, Port of History Museum, Chandris Fantasy Cruises, Chandris, S.A., Ajax Navigation Corporation, Philadelphia Port Corp., and International Terminal Operations.

Appeal of CHANDRIS, S.A. and Ajax Navigation Corporation.

Ann MUSUMECI and Salvatore Musumeci, Appellants,

v.

PENN'S LANDING CORP., Port of History Museum, Chandris Fantasy Cruises, Philadelphia Port Corp. International Terminal Operations, Chandris, S.A., and Ajax Navigation.

Loretta Anne MANNINO and Vincent Mannino

v.

PORT OF HISTORY MUSEUM, Chandris Fantasy Cruises, Philadelphia Port Corporation International Terminal Operations, Chandris, S.A. and Ajax Navigation.

Loretta Anne MANNINO and Vincent Mannino

v.

PENN'S LANDING CORPORATION, Chandris Cruise Line Corporation.

Appeal of PENN'S LANDING CORPORATION.

Loretta Anne Mannino and Vincent Mannino, Appellants,

v.

PORT OF HISTORY MUSEUM, Chandris Fantasy Cruises, Philadelphia Port Corporation International Terminal Operations, Chandris, S.A. and Ajax Navigation.

Loretta Anne Mannino and Vincent Mannino, Appellants,

v.

PENN'S LANDING CORPORATION, Chandris Cruise Line Corporation.

Loretta Anne MANNINO and Vincent Mannino, H/W

v.

PENN'S LANDING CORPORATION, Port of History Museum

Chandris Fantasy Cruises, Chandris, S.A., Ajax Navigation Corporation, Philadelphia Port Corp., and International Terminal Operations.

Appeal of CHANDRIS, S.A. and Ajax Navigation Corporation.

Superior Court of Pennsylvania.

Argued Oct. 19, 1993.

Filed March 2, 1994.

Reargument Denied May 11, 1994.

Matthew P. Harrington, Philadelphia, for Chandris, S.A. and Ajax.

James R. Kahn, Philadelphia, for Mannino.

Stewart Bernstein, Philadelphia, for Musumeci.

Angelo L. Scaricamazza, Jr., Philadelphia, for Penn's Landing.

Gino Zonghetti, pro se.

Before BECK, TAMILIA and HESTER, JJ.

BECK, Judge:

The issue we decide, *inter alia*, is whether delay damages pursuant to Pennsylvania Rule of Civil Procedure 238 are recoverable in a case under the federal maritime law. We hold that Rule 238 damages are not recoverable.

This appeal involves the claim of Ann Musumeci for injuries sustained when the ramp used to exit a cruise ship collapsed, and the claim of her husband, Salvatore, for loss of consortium. The defendants, Penn's Landing Corporation, Chandris S.A., and Ajax Navigation Corporation, conceded liability, and the Musumecis' lawsuit was consolidated for trial on the issue of damages only with that of Loretta Anne and Vincent Mannino.[1] After hearing the evidence, a jury returned a verdict in favor of Ann Musumeci, in the amount of $167,000, and made no award to Salvatore on his consortium claim. The jury also awarded Mrs. Mannino $35,000, but denied any recovery to her husband on his consortium claim. The trial court denied post-trial motions filed by all parties, and granted the plaintiffs' petition for delay damages in accordance with Pa.R.Civ.P. 238.

The Musumecis raise several issues on appeal: (1) did the trial court err in consolidating the Musumeci and Mannino cases where a prior order of a judge of coordinate jurisdiction

---

1. The two cases involve the same defendants, raise overlapping issues on appeal, and were presented together at oral argument to this court. We therefore resolve both matters in this opinion.

denied such consolidation; (2) did the consolidation of the two cases prejudice the Musumecis' case; (3) was a new trial or additur required because Salvatore Musumeci was awarded no damages on his loss of consortium claim; (4) was a new trial or additur required because the award to Ann Musumeci was inadequate; (5) did the trial court err in giving an "adverse inference" charge with respect to the plaintiffs' decision not to call one of their treating physicians to testify; (6) did the trial court err in failing to give an adverse inference charge where the defendants failed to call their orthopedic surgeon who examined Mrs. Musumeci.

The Manninos also challenge the consolidation order, and argue that the verdict amounts were inadequate. Defendants filed cross-appeals, arguing that the trial court erred in applying Rule 238 to award delay damages to the plaintiffs in this maritime law case.

This action originally involved the separate lawsuits of four different couples, who allegedly sustained injuries on the cruise ship exit ramp. The four cases were consolidated for discovery and trial on liability by the Honorable Nicholas D'Alessandro on March 28, 1990. At the same time, however, Judge D'Alessandro ordered separate trials on the issue of damages.

By the time the cases came to trial, two of the four cases had been settled, and the defendants had conceded liability. Only the Mannino and Musumeci cases remained, and the Honorable Alfred J. DiBona ordered that the damage trials be consolidated.[2] In challenging the consolidation order, the appellants argue that Judge DiBona violated the general rule that judges of concurrent jurisdiction should not overrule the decisions of one another. *Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827 (1989). However, there is an exception to the rule which provides that the second judge is authorized to overrule the first if new evidence or newly decided legal authorities compel him or her to do so. *Golden v. Dion &*

**2.** Judge DiBona actually requested the Supervising Administrative Judge for Philadelphia County to consolidate the two cases in order to save time and court resources.

*Rosenau,* 410 Pa.Super. 506, 600 A.2d 568 (1991). In this case, we agree with the trial court's decision to grant the consolidation in view of certain changed circumstances, or "new evidence": the settlement of two of the four cases and the defendants' concession of liability.

■ Nor are we persuaded by the appellants' argument that they were prejudiced by the consolidation, because the jury was confused about the various injuries of the two wife-plaintiffs. As previously noted, Mrs. Musumeci was awarded $167,000 and Mrs. Mannino was awarded $35,000. It is clear from the sizable difference in verdicts that the jury readily distinguished between the two women and their respective damages.

■ Next, the Musumecis claim that the trial court erred in charging the jury that they could draw an adverse inference from the Musumecis' failure to call a treating physician, Dr. Mogil. They also contend that the court erroneously refused to give the adverse inference charge on the defendants' failure to call one of their own doctors, Dr. Lee. The rule for the appropriate use of the adverse inference charge is stated as follows:

> In Pennsylvania, a party who fails to call a witness whose testimony, presumable [sic], would be favorable to his cause is subject to an "adverse inference" instruction, permitting the jury to infer that the witness' testimony would be unfavorable. However, the rule does not apply where the witness is equally available to both sides.

*Hinton v. Waste Techniques Corp.,* 243 Pa.Super. 189, 364 A.2d 724 (1976) (*citing Bentivoglio v. Ralston,* 447 Pa. 24, 288 A.2d 745 (1972)). Applying this rule to this case, we note that the Musumecis' witness Dr. Mogil was not available to the defendants' subpoena, and the plaintiffs' failure to call him to testify properly justified an adverse inference charge. *Bentivoglio, supra.*

On the other hand, because the Musumecis could have subpoenaed defense witness Dr. Lee, the defendants' failure to call him should not be held against them through an adverse

inference charge. *Id.* We therefore affirm the trial court's decision on this issue.

■ The appellants next argue that the jury's verdict against the husband-plaintiffs on their consortium claims was against the weight of the evidence, as their claims were unrefuted. However, we note that the husbands still had the burden of proving the nature and extent of their damages, and that the veracity and credibility of the witnesses is for the jury to determine. *Cree v. Horn*, 372 Pa.Super. 296, 539 A.2d 446 (1988), *alloc. den.*, 519 Pa. 660, 546 A.2d 621 (1988). It is obvious that the jury simply did not believe the husband-plaintiffs' evidence as to loss of consortium. Our review of the record does not persuade us that their finding should be vacated. Therefore we affirm the trial court's decision on this issue.

■ The wife-plaintiffs, too, argue that additur should have been granted because their awards were inadequate based on the evidence. A verdict should be set aside as inadequate only when it is so unjust as to "stand forth like a beacon." *Elza v. Chovan*, 396 Pa. 112, 118, 152 A.2d 238, 241 (1959).

> A verdict is set aside as inadequate when it is so inadequate as to indicate passion, prejudice, partiality, or corruption, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff ... If the verdict bears a reasonable resemblance to the damages proved, the appellate court will not disturb the verdict merely because the damages are less than the reviewing court might have awarded.

*Slaseman v. Myers*, 309 Pa.Super. 537, 455 A.2d 1213, 1215 (1983) (citations omitted). After our review of the record and the briefs, we see no reason to set aside the jury's verdict, or to grant additur. The trial court correctly concluded that there was no evidence that the verdicts resulted from passion, prejudice, partiality or corruption, nor does the verdict "stand

forth like a beacon." We therefore affirm the trial court's denial of additur.

Finally, we turn to the claim on the cross-appeals that the trial court's award of delay damages pursuant to Pa.R.Civ.P. 238 was improper. Rule 238 provides for an award of pre-judgment interest, except for any period during which the plaintiff has caused delay or after which the defendant has made an adequate written settlement offer.[3] The trial court correctly found that there was no written offer of settlement by the defendants and, *if Rule 238* were to apply, delay damages would have been proper.

 However, the trial court did not address the second argument raised on the cross-appeal[4]: this case was brought under the federal maritime law, and therefore, Rule 238 delay damages are not recoverable. We note that the availability of pre-judgment interest in an action arising under a federal

---

3. Rule 238 provides, in pertinent part:
 (a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff ... and shall become part of the verdict, decision or award.

 \*　　\*　　\*　　\*　　\*　　\*

 (b) The period of time for which damages for delay shall be calculated ... shall exclude the period of time, if any,
 (1) after which the defendant has made a written offer of
 (i) settlement in a specified sum with prompt cash payment to the plaintiff, or
 (ii) a structured settlement underwritten by a financially responsible entity,
 and continued that offer in effect for at least ninety days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of either the specified sum or the actual cost of the structured settlement plus any cash payment to the plaintiff; or
 (2) during which the plaintiff caused delay of the trial.
 Pa.R.Civ.P. 238.

4. We note that defendants Chandris and Ajax did raise the question of maritime prejudgment interest at the post trial level in their responses to the plaintiffs' Petition for Delay Damages. However, the trial judge did not include a discussion of this argument in his opinion.

statute is governed by federal law, not the law of the forum state. Thus, in cases arising under the Federal Employers' Liability Act, for example, Rule 238 for the calculation of delay damages does not apply. *Poleto v. Consolidated Rail Corp.*, 826 F.2d 1270, 1274 (3d Cir.1987); *Dale v. Baltimore & Ohio R.R. Co.*, 520 Pa. 96, 552 A.2d 1037 (1989).

 Likewise, when a common law action is brought, whether in state or federal court, to enforce a cause of action cognizable in admiralty, the substantive law to be applied, determining both liability and the amount of damages, is the general maritime law. *See Robinson v. Pocahontas, Inc.*, 477 F.2d 1048 (1st Cir.1973). The parties apparently recognized this fact when they discussed the presentation of certain economic evidence:

> MR. STEARNS (defense counsel): Your Honor, the Supreme Court decided in 1972 ... that maritime law extended as far as the gangway. These injuries occurred on the gangway. It would appear to be a maritime law case ... maritime law controls and that the presentation of economic loss testimony has to consider the what [sic] tax liability the plaintiffs had or would have on whatever income is said to be lost ...
>
> MR. BERNSTEIN (plaintiff's counsel): Your Honor, I agree that it's maritime law ...

R. 24b–25b.

 As to the calculation and award of prejudgment interest in admiralty cases, the decision to make such an award is left to the discretion of the trial court. *M & O Marine, Inc. v. Marquette Co.*, 730 F.2d 133, 136 (3d Cir.1984). It is within the court's discretion to use Rule 238 to *calculate* the award of prejudgment interest, when it has decided to make such an award. *Id.* However, unlike Rule 238, which mandates delay damages where there has been no written settlement offer, prejudgment interest in admiralty cases *may be denied* where "peculiar circumstances" exist that "would make it inequitable for the losing party to be forced to pay prejudgment interest." *Inland Oil & Transport Co. v. Ark–White Towing Co.*, 696

F.2d 321, 327 (5th Cir.1983). *See also Mecom v. Levingston Shipbuilding Co.,* 622 F.2d 1209 (5th Cir.1980).

Generally, "exceptional circumstances" exist where the party requesting interest has (1) unreasonably delayed in prosecuting its claim; (2) made a bad faith estimate of its damages that precluded settlement; or (3) not sustained any actual damages. *In re Bankers Trust Co.,* 658 F.2d 103, 107 (3d Cir.1981). *See also Cooper v. Loper,* 923 F.2d 1045 (3d Cir.1991); *East Coast Tender Service, Inc. v. Robert T. Winzinger, Inc.,* 759 F.2d 280 (3d Cir.1985). If the court concludes that such circumstances are present, it has the discretion to deny prejudgment interest. *Bankers Trust, supra.*

■ Moreover, in jury actions where the award of interest rests in discretion, it is the jury who must exercise it. *See, e.g., Robinson, supra; Carey v. Bahama Cruise Lines,* 864 F.2d 201 (1st Cir.1988). However, the jury in this case was not given the opportunity to decide whether prejudgment interest should have been awarded to the plaintiffs, or if "exceptional circumstances" existed to preclude such an award. The plaintiffs had the burden of going forward and bringing before the jury the issue of prejudgment interest. Our review of the record reveals that there was no request by the plaintiffs that the issue of prejudgment interest be given to the jury. Although the plaintiffs recognized that maritime law governed, they neglected to carry their burden of requesting that the question of prejudgment interest be presented to the jury.

Maritime law provides a species of "delay damages" and directs that the jury impose prejudgment interest if, after having considered the evidence, they deem it appropriate. We do not find any authority for permitting plaintiffs to elect between maritime law prejudgment interest and Rule 238 delay damages. *Cf. Robinson, supra; Carey, supra.* Moreover, because the plaintiffs did not preserve this issue by requesting that the jury be permitted to decide the interest question, we hold that it would be inappropriate to remand

this issue to the trial court for further consideration.[5] *Robinson*, 477 F.2d at 1053. We conclude that it was improper for the trial court to award Rule 238 delay damages in this maritime case, and therefore vacate that portion of the award below.

Affirmed in part and reversed in part; judgment entered on jury's initial award of damages to plaintiffs is affirmed, but award of delay damages is vacated. Jurisdiction relinquished.

---

**5.** Nor did the plaintiffs make a request for prejudgment interest under the maritime law in their Petitions for Delay Damages. The Petitions for Delay Damages were based only upon Rule 238.