## Miller v. Heizmann

C.P. of Bucks County, no. 91-06252-19-2.

*Robert S. Lucarini,* for plaintiffs.
*Edith A. Pearce,* for defendant.

McANDREWS, *J.,* March 26, 1996—The matter is before the court on the motion of plaintiff, Beverly Miller, for a new trial. The matter was tried with a jury and a verdict was returned on September 13, 1995, awarding plaintiff the sum of $1,000 as compensation for injuries arising out of an automobile accident. Ver-

dicts were also awarded in favor of William Miller Jr., and the daughter Heather Miller. The latter are not an issue in this case.

The plaintiff Beverly Miller's motion is based on the contention that the court erred when it instructed the jury that an adverse inference could be drawn from the failure to call as a witness any one of five treating physicians. The plaintiff's medical testimony was by an orthopedic physician who examined the plaintiff on one occasion five years after the accident.

A review of the record reveals that the accident occurred on August 23, 1989. The plaintiff was a passenger seated in the right front seat of a van. After the accident, she was transported to the hospital, where they took x-rays of her neck and her knee, and possibly her back. She was given a cervical collar, a tetanus shot, and was discharged. She was not treated for an injury to her elbow. A couple of days later, plaintiff went to her own family physician, Dr. Peters. She went to see a physical therapist on August 31, 1989, and continued treatment from August until June of 1990, and returned in July of 1991. She was also attended by Dr. Burmeister, an associate of Dr. Peters. She saw him twice in October 1989. Dr. Burmeister referred plaintiff to Dr. Stover Wiggins, a neurologist.

After seeing Dr. Wiggins, plaintiff saw Dr. Skubick who recommended biofeedback treatment, and massages. Plaintiff's physical therapist referred her to Dr. Osterman, an orthopedic surgeon. She saw Dr. Osterman on two occasions in 1992 and 1994.

The plaintiff testified that what bothers her most at present is her right shoulder and elbow.

Most recently, the plaintiff was treated by Dr. Downs, who is a doctor of osteopathic medicine.

There is little detail in the record as to the nature of the treatment or symptoms, or nature of the medical problem.

The plaintiff's expert medical testimony consisted of Dr. David Weiss, trained in orthopedic medicine. He examined the patient in June of 1994, almost five years after the accident. He did not treat the plaintiff. He was engaged by plaintiff's counsel for the purpose of examining plaintiff and rendering a report of her condition. The report concluded plaintiff had a neurogenic brachial plexus injury.

Dr. Weiss testified he examined the plaintiff and ruled out any problem in the neck area or the knee area. He reviewed the medical records of the treating physicians, particularly Dr. Wiggins and Dr. Skubick, both neurologists. Dr. Weiss concluded from the records that the plaintiff was not satisfied with Dr. Wiggins, and sought a second opinion from Dr. Skubick. Dr. Skubick found there was no intrinsic pathology of the right elbow. Dr. Weiss disagreed with Dr. Skubick's findings and endeavored to reconcile the findings of Dr. Wiggins and Dr. Skubick, suggesting it was a matter of interpreting the records.

The court in the course of its instructions to the jury stated as follows:

"These treating physicians were not called. There was a Dr. Burmeister. In the case of Mrs. Miller, Dr. Osterman, Dr. Wiggins, Dr. Skubick and a Carolyn

Downs. None of these were doctors who were treating her. If that's your recollection.

"If you find that is not a correct statement from the evidence, you may disregard that. But if you find those witnesses—those doctors were treating, then an adverse interest can be drawn from failure to call those witnesses, that is if they had been called their testimony would not have supported plaintiff's position, or would have been adverse. That is a correct statement of the law, and it is a major issue in this case."

Counsel for the defense requested the above instruction and plaintiff's counsel objected. The court overruled the objection and the court instructed on the adverse interest.

Plaintiff filed timely post-trial motions, and after reviewing the respective briefs in support of their positions, the court entered an order dated February 8, 1996, granting a new trial.

The court granted the new trial because the record failed to disclose any evidence to suggest the witnesses were unavailable to the defendant. Absent such showing, it was error to instruct the jury that an adverse interest could be drawn by the jury against plaintiff, and, therefore, a new trial is ordered. See *O'Rourke on behalf of O'Rourke v. RAO,* 411 Pa. Super. 609, 602 A.2d 362 (1991); *Musumeci v. Penn's Landing Corp.,* 433 Pa. Super. 146, 640 A.2d 416 (1994).

For the foregoing reasons, the court entered its order of February 8, 1996.