**Mulartrick v. Heimbecker**

C.P. of Montgomery County, no. 95-12208.

*Gerald E. Arth,* for plaintiff.
*Dennis C. Dice,* for defendant.

TRESSLER, *J.,* October 2, 1996—Defendants, Gerard and Susan Heimbecker, appeal from this court's order dated July 2, 1996, granting plaintiffs' motion for sanctions in the form of a default judgment. Their appeal raises a single issue: whether this court properly granted plaintiffs a default judgment as a sanction for defendants' repeated violations of the rules of discovery and court orders regarding discovery.

## FACTS

On June 16, 1995, plaintiffs filed their complaint in the above-captioned matter. They served their first set of interrogatories and first request for production of documents upon defendants' counsel on August 9, 1995. At that time, defendants were represented by Joseph T. Quinn, Esquire.

Under Pennsylvania Rule of Civil Procedure 4006, defendants should have responded to the interrogatories by September 8, 1995. Under Rule 4009, responses to the request for production of documents were due on the same date. After defendants failed to respond, plaintiffs filed a motion to compel discovery on September 19, 1995. The mere filing of the motion did not prompt defendants or their counsel to respond to the outstanding discovery requests. Neither did it prompt them to respond to the motion. Accordingly, on October

26, 1995, this court ordered defendants to respond to the discovery requests within 20 days, or face sanctions.

In spite of the order, defendants failed to furnish answers or objections to the discovery requests within that period. The plaintiffs waited until December 4, 1995, before filing a motion for sanctions. Once again, defendants neither responded to the discovery requests nor answered the motion.

This court held a hearing on the motion for sanctions on January 23, 1996, and thereafter ordered defendants to respond to the discovery requests within 10 days, directed them to pay the plaintiffs' costs and attorneys' fees incurred in pursuing discovery, found defendants in contempt, fined them $100 per day until they complied with the previous order, and allowed the plaintiffs to seek further sanctions in the nature of a default judgment if the defendants failed to furnish responses to the discovery requests within 30 days.

Despite this clear warning, defendants still failed to comply with the orders. On March 5, 1996, plaintiffs filed a motion for further sanctions in the form of a default judgment. Defendants never filed a response to the motion. They then retained Peter Callahan, Esquire, to represent them. Mr. Callahan entered his appearance on behalf of defendants on April 10, 1996.

A hearing on the motion for sanctions was scheduled for June 20, 1996. On June 14, 1996, defendants provided the plaintiffs with two binders of documents, with tabs numbered from one through 118. They also furnished a statement by defendant Gerard Heimbecker and a copy of an investigative file. Defendants also filed purported responses to the plaintiffs' interrogatories.

Counsel for both parties appeared at the hearing on June 20, 1996. This hearing gave defendants an op-

portunity to rebut a prima facie showing of contempt by testifying. They chose not to appear. After the hearing, this court took the matter under advisement, and for almost two weeks, seriously deliberated whether a default judgment would be appropriate in this case. The order dated July 2, 1996 granted that sanction.

Defendants simultaneously filed an appeal from that order and a motion for reconsideration on July 31, 1996. The motion for reconsideration also asked this court to certify the matter for immediate appeal under section 702(b) of the Judicial Code, 42 Pa.C.S. §702(b). This court declined to reconsider the order or certify it for appeal, for the reasons set forth below. Defendants therefore proceeded with their direct appeal, and in addition, have petitioned the Superior Court to review this court's denial of certification under 42 Pa.C.S. §702(b).

## DISCUSSION

### I. *Procedural Issues*

An order granting a default judgment for failure to comply with discovery orders is interlocutory and not appealable until after damages have been determined. *Miller Oral Surgery Inc. v. Dinello,* 342 Pa. Super. 577, 493 A.2d 741 (1985). Therefore, this court respectfully suggests that the instant appeal should be quashed. Moreover, if defendants and their counsel were earnest in resolving this case, they would proceed to a determination of damages, or petition this court to open the default judgment, rather than pursue an untimely appeal. In addition, defendants not only pursue a direct appeal from entry of the default judgment, they have redundantly petitioned the Superior Court to review this court's denial of certification for immediate appeal under 42 Pa.C.S. §702(b).

This court might view such procedural missteps as merely the product of ignorance or inexperience on the part of counsel, were it not for the fact that the firm representing defendants has earned a reputation for employing exceptionally knowledgeable and competent attorneys. Considering the pattern of delay and obstruction described in section II, below, this court views the defendants' failure to petition the court to open the judgment, direct appeal of the judgment, and petition for review of the denial of certification under section 702(b) as tactical maneuvers intended to delay this case from moving forward. In light of the well-settled law that a party subject to a default judgment should petition to open the judgment prior to appealing it, such tactics may be sanctionable in and of themselves. See *Borough of Kennett Square v. Lal,* 165 Pa. Commw. 573, 645 A.2d 474 (1994) (appellate court may sua sponte impose monetary sanctions for pursuit of groundless appeal).

## II. *Substantive Issues*

Pennsylvania Rule of Civil Procedure 4019 authorizes trial courts to impose sanctions upon parties that fail to comply with the rules governing discovery. Rule 4019(c)(3) specifically authorizes a trial court to impose a default judgment as such a sanction. Whether to do so lies within the discretion of the trial court. *Miller Oral Surgery Inc. v. Dinello,* 416 Pa. Super. 310, 314, 611 A.2d 232, 234 (1992). In choosing a sanction, the trial court must weigh the procedural need to dispose of the case promptly against the substantive rights of the parties. *Id.* This court hastens to add that in weighing the substantive rights of the parties, the defendants' rights to a fair trial on the merits do not outweigh the plaintiffs', and dilatory conduct by a defendant is

a well-known tactic employed to frustrate the plaintiff's ability to obtain justice at trial.

A trial court must consider several factors in imposing a sanction for failure to comply with discovery requests: (1) whether the failure prejudiced the opposing party; (2) if so, whether such prejudice can be cured; (3) whether the defaulting party acted willfully or in bad faith; and (4) the number of such violations. *Steinfurth v. LaManna,* 404 Pa. Super. 384, 388-89, 590 A.2d 1286, 1288-89 (1991). The discussion below will show that, viewed as a whole, defendants' conduct constituted a clear affront to the authority of this court.

After defendants initially violated the discovery rules, this court granted the order to compel discovery dated October 26, 1995. They violated that order, leading to the hearing on the sanctions motion held on January 23, 1996. At that time, defendants had an opportunity to appear and explain their reasons for not complying with the order compelling discovery. They declined to do so. After the hearing, this court filed the first sanctions motion, which clearly stated that defendants could risk entry of a default judgment if they did not provide discovery responses within 30 days.

Over two months later, defendants had not provided discovery, despite the sanctions motion. Plaintiffs then filed their motion for further sanctions, after which this court scheduled a hearing. Six days before the hearing, defendants provided the plaintiffs with purported responses to their discovery requests. The nature of defendants' responses to the interrogatories support the view that they acted in bad faith to avoid effective discovery even when purporting to comply with this court's orders.[1] Of the answers to the 15 interrogatories,

---

1. Defendants argue that the sufficiency of their answers to the discovery requests was never at issue, since the motion for further sanctions related to their failure to respond to discovery requests,

direct the plaintiffs to search through the two binders provided in response to all of the requests for production of documents. Pennsylvania Rule of Civil Procedure 4006(b) provides that a party may *"specify* the records from which the answer may be derived or ascertained" when answering interrogatories. Pa.R.C.P. 4006(b). (emphasis supplied) In this case, however, the defendants' responses were inadequate in view of the specific nature of each interrogatory and failure of the responses to specify which documents, of the 118 tabbed sections in two binders, contained the information sought.

For example, interrogatories five and six ask defendants to identify all communications they had with the Pennsylvania Real Estate Commission regarding each plaintiff. Interrogatories seven and eight ask defendants to identify all communications they had with law enforcement agencies regarding each plaintiff. Interrogatories nine and 10 ask defendants to identify all communications they had with plaintiff Mulartrick regarding his or plaintiff Rementer's real estate licensing status. Interrogatories 11 and 12 ask defendants to identify all communications they had with one Faith Robbins

---

rather than the sufficiency of their last-minute responses. This court disagrees. The sufficiency of their responses is at issue because it is relevant to whether they continued to act in a bad-faith, dilatory manner. See *Isenberger v. Schumann,* 415 Pa. 217, 203 A.2d 136 (1964); *Pedrick v. Deerland Corp.,* 20 D.&C.4th 543, (C.P. Mont. Co. 1992), *affirmed,* 431 Pa. Super. 652, 631 A.2d 1380 (1993). In both of these cases, discussed *infra,* the trial courts assessed the sufficiency of the discovery responses of the defendants even though the plaintiffs had not moved to determine their sufficiency. The courts did so in order to gauge whether the responses were good-faith efforts to comply, or merely additional dilatory maneuvers. The courts in both cases found the responses were not good-faith efforts to comply with orders mandating discovery, and granted default judgments against the defendants.

regarding each plaintiff. Defendants' answers to every one of these interrogatories refer plaintiffs to the compendium of documents in the binders, without directing them to any specific documents among the 118 tabbed sections. By providing such imprecise responses virtually on the eve of the second contempt hearing, defendants were attempting to technically comply with the motion to compel, thereby avoiding further sanctions while continuing to evade discovery for all practical purposes.

At the hearing, counsel for defendants argued that violations of the court orders and discovery rules were the fault of prior counsel, Mr. Quinn, who failed to apprise defendants of the discovery requests and orders. Such argument, however, did nothing to create an evidentiary record in support of such a proposition. Sorely lacking was an appearance by anyone, such as defendants, who could testify from personal knowledge as to the truth of that assertion. Defendants' failure to appear at the hearing leads to an inference that they could not offer testimony in their favor. See *Musumeci v. Penn's Landing Corp.,* 433 Pa. Super. 146, 152, 640 A.2d 416, 419 (1994) (when a party fails to call a witness not equally available to the adverse party, whose testimony presumably would be favorable to the former's cause, the fact-finder may infer that the witness's testimony would have been unfavorable). Furthermore, their failure to appear and offer any explanation of the contumacious behavior by themselves or their counsel was an affront to the dignity and authority of this court.

Defendants' evasive conduct managed to delay this case from August 1995 through June 1996, a period of approximately 10 months. Defendants' tactic of refraining from moving to open judgment, appealing di-

rectly from the judgment and appealing this court's denial of certification under 42 Pa.C.S. §702(b) confirms to this court that defendants intend to further delay this case from moving to trial. During this time, witnesses may have become unavailable, their memories may have faded, and documents may have been routinely destroyed. Such prejudice was probably not substantial during the 10-month period between the filing of the complaint and entry of the default judgment, yet the trend toward it had unmistakably begun. Defendants' purported responses to the discovery requests effectively left plaintiffs in the dark as to the information sought, to their prejudice. While defendants may contend that their responses cured any prejudice, this court finds otherwise, and their conduct has convinced this court that they will take advantage of any future opportunity to delay these proceedings to the detriment of the plaintiffs. Their conduct shows a clear disregard for the authority of the court as an institution for determining and enforcing legal rights. For these reasons, the entry of a default judgment was the proper sanction.

Pennsylvania appellate courts have approved such sanctions under similar facts in several cases. For example, the Superior Court affirmed the trial court's grant of a default judgment in *Pedrick v. Deerland Corp.,* 20 D.&C.4th 543 (C.P. Mont. Co. 1992), *affirmed,* 431 Pa. Super. 652, 631 A.2d 1380 (1993). In that case, the plaintiff sued the defendant when he was struck and injured by debris thrown from a building by defendant's employees. *Id.* The plaintiff served written interrogatories upon the defendant, seeking the names and addresses of the employees involved in the incident. *Id.* at 544. The defendant refused to answer, prompting the plaintiff to file a motion to compel. *Id.* The defendant

failed to file a timely response, and consequently the court granted the plaintiff's motion and ordered the defendant to provide information within 20 days or risk further sanctions. *Id.* The defendant failed to comply with that order. *Id.*

The plaintiff subsequently filed a request for production of documents, to which the defendant failed to respond. *Id.* The plaintiff then filed a motion to compel production of documents and a motion for sanctions in the form of a default judgment. *Id.* The court granted the motion to compel and ordered the defendant to produce the documents or risk further sanctions. *Id.* at 544-45. The defendant eventually produced one of the employees for deposition, and provided the names and addresses of all but one of the others. *Id.* at 546. The defendant also offered to allow the plaintiff to enter its premises and search for the documents it needed, but acknowledged that its files were so disorganized as to render any such endeavor a blind search. *Id.* at 545. After a hearing on the plaintiff's motion for sanctions, the court granted a default judgment in his favor. *Id.*

As in *Pedrick,* defendants in the instant case refused to comply with two court orders before the court imposed a default judgment. As in *Pedrick,* defendants rendered partial compliance only after they faced a motion for a default judgment. The *Pedrick* court concluded that the defendant's course of conduct showed bad faith. *Id.* at 546-47. The court concluded that the number of violations, the course of conduct and the nature of the information not disclosed justified granting the default judgment. The Superior Court affirmed the trial court's decision.

In *Isenberger v. Schumann,* 415 Pa. 217, 203 A.2d 136 (1964)[2] the Pennsylvania Supreme Court affirmed a trial court's entry of a default judgment under similar circumstances. In that case, the plaintiff served interrogatories, to which the defendants objected. *Id.,* 203 A.2d at 136. The trial court heard argument on the objections and ordered the defendant to answer the interrogatories. *Id.* After five months passed without answer, the plaintiff submitted a motion for sanctions, in response to which the court issued an order compelling the defendant to answer the interrogatories. *Id.* At that time, the court gave the plaintiff a signed, postdated order granting a default judgment, to be filed if the defendants failed to comply. *Id.* at 136-37.

The defendants failed to answer the interrogatories within the required time, at which time the plaintiff filed the default judgment order. *Id.* at 137. The defendant then supplied answers and petitioned to open or vacate the judgment. *Id.* The trial court examined the answers the defendant provided, found them insufficient, and ordered the defendant to amend its answers, in which event it would lift the judgment. *Id.* The defendant failed to amend its answers, and the court refused to lift the judgment. The trial court's opinion, affirmed by the Supreme Court, justified the sanction on the grounds that it had given the defendant two opportunities to comply with the order to compel. *Id.* at 138. As the trial court reasoned, "[t]o permit defendants to disregard an order of court is unthinkable,

---

2. The Supreme Court issued a per curiam opinion affirming the opinion of the trial court. The Atlantic Second Reporter printed the opinion of the trial court, but the Pennsylvania Supreme Court Reports did not. Therefore, the following citations cover the Atlantic Second Reporter only.

as it would totally destroy the effectiveness of the discovery procedure of our courts." *Id.* at 137.

In both this case and *Isenberger,* the trial court entered an order compelling discovery, followed by a sanctions order, prior to granting the plaintiff a default judgment. In both cases, the defendants purported to comply with the discovery request. The *Isenberger* court and this court reviewed the plaintiffs' purported answers but found them insufficient.

In *Miller, supra,* the Superior Court affirmed the trial court's order granting plaintiff a default judgment in a case similar to the case at bar. The plaintiff sought to discover the names of several patients of the defendant dentists. *Id.* at 314, 611 A.2d at 234. The defendants filed a motion for a protective order, claiming the information was privileged. *Id.* The court denied the motion. *Id.* After the defendants failed to answer despite the denial of their motion, the plaintiff petitioned the court to enter a default judgment. *Id.* at 315, 611 A.2d at 234-35. The court entered an order directing the defendants to provide the names within 30 days or risk further sanctions. *Id.* at 315, 611 A.2d at 235. After the plaintiff submitted another motion for sanctions, the court held a hearing, at which the defendant Dinello testified he would not disclose the names. *Id.* The court then entered a default judgment in the plaintiff's favor. *Id.*

As in *Miller,* this court entered a default judgment only after the defendants refused to comply with two previous orders. In *Miller,* defendant Dinello expressly testified that he would not comply with the court's orders. In this case, the defendants' failure to appear at the sanctions hearing spoke volumes as to their lack of willingness to render good-faith compliance with this court's previous two orders.

Defendants cite two cases to support their argument that the Superior Court has reversed orders granting default judgments under similar circumstances. *Davis v. Langton,* 301 Pa. Super. 338, 447 A.2d 996 (1982), does not discuss the facts underlying the decision, and thus offers no guidance in the instant case. In *Shehady v. Pittsburgh Post-Gazette,* 307 Pa. Super. 247, 453 A.2d 18 (1982), the Superior Court held that the trial court abused its discretion in granting a default judgment because it failed to consider factors such as prejudice and the appellant's good-faith efforts to comply. As discussed above, this court considered both factors, and determined default judgment to be the appropriate sanction under these facts. Therefore, neither of defendants' cases support their position.

## CONCLUSION

The discussion above shows this case is identical in all material respects to *Miller, Isenberger* and *Pedrick, supra.* In light of the foregoing, this court's order granting a default judgment should be affirmed.